Local Form 3015-1 (1/22)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Jessie Louise Brotherton**
**Steve Robert Brotherton**

Case No.
CHAPTER 13 PLAN ☐ Modified
Dated: **October 24, 2024**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE:** The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.

2.1 As of the date of this plan, the debtor has paid the trustee $___.

2.2 After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| $1,100.00 | 11/2024 (60 Months) | 10/2029 | $66,000.00 |
| | | TOTAL: | $66,000.00 |

2.3 The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

2.4 The debtor will also pay the trustee **0.00**.

2.5 The debtor will pay the trustee a total of $ **66,000.00** [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **6,600.00** [line 2.5 x .10]

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] —** The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| | Creditor | Description of Property |
|---|---|---|
| 4.1 | **Carly Winscher** | **Leased Hereford Bull; 6/24/2024-6/24/2025 pre-paid $400.00 for the year of service** |

**Part 5. CLAIMS NOT IN DEFAULT —** Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of Property |
|---|---|---|
| 5.1 | **Security Bank and Trust** | **18152 10th St Winthrop, MN 55396-9220 Sibley County Debtor's Residence: 56 acres Homestead Real Property Legally Described as: See Attached Exhibit A Value based on Property Tax market value** |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

|  | Creditor | Amount of default | Monthly payment | Beginning in #mo./yr. | # of payments | Remaining Payments | + *amount paid to date by Trustee (mod plan only)* | Total payments |
|---|---|---|---|---|---|---|---|---|
| 6.1 | FSA | $1.00 | Pro Rata | 11/2024 | Pro Rata | $1.00 | $ | $1.00 |
| 6.2 | FSA | $1.00 | Pro Rata | 11/2024 | Pro Rata | $1.00 | $ | $1.00 |
|  |  |  |  |  |  |  | TOTAL | $2.00 |

**Part 7. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| Creditor | Amount of default | Interest rate (if any) | Beginning in mo.yr | Monthly Payments | # of payments | Remaining Payments | + *amount paid to date by Trustee (mod plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| -NONE- |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay,the amount set forth in the "Total Payments" column belowon the followingsecured claims if a proof of claim is filed andallowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

| Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +*amount paid to date by Trustee (mod plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  | ☐ |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |
| -NONE- |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. §1325(a)(5)(B)(i).

|  | Creditor | Est. Secured Claim amount | Int. rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +*amount paid to date by Trustee (mod plan only)* | Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 9.1 | Consumer Portfolio Services, Inc. | $32,055.00 | 10.00 | ✓ |  | $200.00 | 2 | $400.00 |  | $36,487.80 |
|  |  |  |  |  |  | $622.20 | 58 | $36,087.80 | $ |  |
| 9.2 | McLeod County Auditor-Treasure | $8,000.00 | 10.00 | ☐ |  |  |  | $ |  | $10,198.50 |
|  |  |  |  |  |  | $169.98 | 60 | $10,198.50 | $ |  |
|  |  |  |  |  |  |  |  |  | TOTAL | $46,686.30 |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

|  | Creditor | Claim Amount | Beginning in mo.yr. | Monthly payment | # of payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | Attorney Fees | $3,500.00 | 11/2024 | $175.00 | 20 | $3,500.00 | $ | $3,500.00 |
| 10.3 | Internal Revenue Service | $1.00 | 11/2024 | Pro Rata | Pro Rata | $1.00 | $ | $1.00 |
| 10.4 | MN Dept of Revenue | $8,000.00 | 11/2024 | Pro Rata | Pro Rata | $8,000.00 | $ | $8,000.00 |
|  |  |  |  |  |  |  | TOTAL | $11,552.59 |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

|  | Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|---|
|  | -NONE- |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured creditors including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. **All following entries are estimates.**

|  | Creditor | Undersecured claim amount | Interest Rate (if any) | Beginning in mo./yr. | Monthly Payment | # of Payments | Remaing payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
|  | -NONE- |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 13. TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately $ **1,159.11** [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1 The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $ **3,433.00** .

13.2 The debtor estimates that the debtor's total unsecured claims (excluding those in Part 8 and 9) are $ **546,199.32** .

13.3 Total estimated unsecured claims are $ **549,632.32** [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|  | Creditor | Description of Property (including complete legal description of real property) |
|---|---|---|
| 15.1 | Ally Financial, Inc | **2018 Ram 3500 52,000 miles**<br>**Value is based on kbb.com private party value.** |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in

this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 16.1 | **Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed for taxes that become payable while the case is pending. The trustee will only pay 11 U.S.C. Section 1305 tax claims attributable to the taxable year in which the case concerning such debtors was filed, and only to the extent funds are available.**<br><br>**The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed. If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out, deduct the cost of preparing the tax returns, which debtors must verify, and pay the trustee the amount over $1,200 for a single filer, or $12,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**<br><br>**APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.**<br><br>**Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 4, 5, 6, 7, 8, 9, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtors receiving a discharge in this case.**<br><br>**All secured creditors being paid direct (outside the Chapter 13 plan) on the plan may, upon confirmation of the plan, send debtor monthly statements and are authorized to speak to debtor about post-petition payments.** |
|---|---|

**SUMMARY OF PAYMENTS:**

| Class of Payment | | Amount to be paid |
|---|---|---|
| Payments by trustee [Part 3] | $ | **6,600.00** |
| Home mortgages in default [Part 6] | $ | **2.00** |
| Claims in Default [Part 7] | $ | **0.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 9] | $ | **46,686.30** |
| Priority Claims [Part 10] | $ | **11,552.59** |
| Domestic support obligation claims [Part 11] | $ | **0.00** |
| Separate classes of unsecured claims [Part 12] | $ | **0.00** |
| Timely filed unsecured claims [Part 13] | $ | **1,159.11** |
| TOTAL (must equal line 2.5) | $ | **66,000.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed:   **/s/ Wesley W. Scott**
          **Wesley W. Scott 0264787**
          Attorney for debtor

Signed:   **/s/ Jessie Louise Brotherton**
          **Jessie Louise Brotherton**
          Debtor 1

Signed:   **/s/ Steve Robert Brotherton**
          **Steve Robert Brotherton**
          Debtor 2 (if joint case)

In re:  Case No. 24-42904-KAC

Jessie Louise Brotherton  Chapter 13

Steve Robert Brotherton

    Debtors

# CERTIFICATE OF NOTICE

District/off: 0864-4     User: admin     Page 1 of 3

Date Rcvd: Oct 25, 2024     Form ID: pdf008     Total Noticed: 56

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

#    Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 27, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | | Jessie Louise Brotherton, Steve Robert Brotherton, 18152 10th St, Winthrop, MN 55396-9220 |
| 63265225 | + | ADM Animal Nutrition, 2100 Gardner Expy, Quincy IL 62305-9376 |
| 63265232 | + | CIA Community Insurance Agency, PO Box 306, Lafayette MN 56054-0306 |
| 63265228 | + | Captial Accounts LLC, PO Box 680608, Franklin TN 37068-0608 |
| 63265229 | | Cargill, PO Box 842621, Dallas TX 75284-2621 |
| 63265230 | + | Carly Winscher, 28052 63rd Street, Royalton MN 56373-3020 |
| 63265231 | + | Central Region Cooperative, P.O. Box 429, Sleepy Eye MN 56085-0429 |
| 63265235 | + | Culligan of St. Peter, 203S Front St, Saint Peter MN 56082-2591 |
| 63265236 | | D&S Global Solutions, HQ-I STE 4N15, Melville NY 11747 |
| 63265237 | + | Deb Gertner, Kyle Gertner, 33131 360th St, Westbrook MN 56183-2161 |
| 63265238 | + | Dunham Inc., 10811 215th St. W, Lakeville MN 55044-8512 |
| 63265240 | + | FSA, 110 2ND ST S #125, Waite Park MN 56387-1307 |
| 63265241 | #+ | Gary Felmlee, 31167 Forest Prairie Rd, Le Sueur MN 56058-4514 |
| 63265242 | | Gaylord Feed Mill Inc, PO Box 295, Gaylord MN 55334-0295 |
| 63265243 | + | Inguran, LLC dba STgenetics, 22575 State Highway 6 South, Navasota TX 77868-8297 |
| 63265245 | + | Joan Euerle, Vaughn Euerle, 31739 CSAH 34, Litchfield MN 55355-4007 |
| 63265246 | + | KL Marketing LLC, 31425 Northfield Blvd, Northfield MN 55057-5466 |
| 63265248 | | LTD Financial Services, 3200 Wilcrest Suite 600, Houston TX 77042-6000 |
| 63265247 | + | Lester Prairie Vet Clinic, 18743 Babcock Ave, Lester Prairie MN 55354-7905 |
| 63265249 | + | McLeod County Auditor-Treasure, 2391 Hennepin Ave N, Glencoe MN 55336-5031 |
| 63265252 | + | Midwest Machinery Co, PO Box 197, 78412 County Rd. 20, Stewart MN 55385-0197 |
| 63265255 | + | Munson Lakes Nutrition, PO Box 549, Howard Lake MN 55349-0549 |
| 63265256 | + | Murphy Dairy Supply, 28468 251st Avenue, Henderson MN 56044-4453 |
| 63265257 | + | Olde City Financial INC, PO Box 800, Wayne PA 19087-0800 |
| 63265258 | + | Ontime Petroleum LLC, PO Box 26, Gaylord MN 55334-0026 |
| 63265259 | + | Premier Livestock & Auctions, PO Box 306, Owen WI 54460-0306 |
| 63265261 | + | RGS Financial LLC, 1700 Jay Ell Drive Ste 200, Richardson TX 75081-6788 |
| 63265262 | + | Roger Fredin, 24296 481st Ave, Gaylord MN 55334-2058 |
| 63265263 | + | Roy Johnson, 33795 Martin Ave, Parkersburg IA 50665-7741 |
| 63265264 | | SBA, 100 North 57th Street, Suite 210-C, Butler Square, Minneapolis MN 55403 |
| 63265267 | + | ST Genetics, 10115 Kincey Ave Ste 100, Huntersville NC 28078-6482 |
| 63265265 | + | Security Bank and Trust, 128 4th Avenue North, Box 279, Brownton MN 55312-0279 |
| 63265266 | + | Select Sires, 6601 Gregory Park Road S, Saint Cloud MN 56301-9287 |
| 63265268 | + | Steiner Consultants LLC, 205 Jefferson St SE Ste 2, Hutchinson MN 55350-2544 |
| 63265269 | + | Stepka Dairy Supply, 206 Walnut St, Zumbrota MN 55992-1285 |
| 63265272 | + | Vericore (collector for STgen, 10115 Kincey Avenue ste 100, Huntersville NC 28078-6482 |
| 63265276 | + | WW Erections LTD dba Osakis Si, PO Box T, 300 E Main St, Osakis MN 56360-8287 |
| 63265273 | + | Weltsch Equipment, 1615 E Bridge St, Redwood Falls MN 56283-1934 |
| 63265275 | | Winthrop Telephone Company, 213 E 2nd St, Winthrop MN 55396 |
| 63265277 | + | Zumbro AG Solutions, 206 Walnut St, Zumbrota MN 55992-1285 |

TOTAL: 40

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern

Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| smg | + Email/Text: mdor.bkysec@state.mn.us | Oct 25 2024 21:06:00 | Minnesota Department of Revenue, Bankruptcy Section, PO Box 64447, St Paul, MN 55164-0447 |
| smg | + Email/Text: ustpregion12.mn.ecf@usdoj.gov | Oct 25 2024 21:07:00 | US Trustee, 1015 US Courthouse, 300 S 4th St, Minneapolis, MN 55415-3070 |
| smg | + Email/Text: USAMN.BNC.Bankruptcy@usdoj.gov | Oct 25 2024 21:07:00 | United States Attorney, 600 US Courthouse, 300 S 4th St, Minneapolis, MN 55415-3070 |
| 63265226 | + Email/PDF: MerrickBKNotifications@Resurgent.com | Oct 25 2024 21:05:26 | Ally Bank card, P.O Box 9222, Old Bethpage NY 11804-9222 |
| 63265227 | + Email/Text: ally@ebn.phinsolutions.com | Oct 25 2024 21:06:00 | Ally Financial, Inc, Attn: Bankruptcy, Po Box 380901, Bloomington IL 55438-0901 |
| 63265233 | + Email/Text: bankruptcy@consumerportfolio.com | Oct 25 2024 21:07:00 | Consumer Portfolio Services, Inc., Attn: Bankruptcy, Po Box 57071, Irvine CA 92619-7071 |
| 63265234 | + Email/Text: lisamoore@creditoradvocates.com | Oct 25 2024 21:07:00 | Creditor Advocates Inc, dba CAI Services, PO Box 1264, Prior Lake MN 55372-0864 |
| 63265239 | Email/Text: BNSFS@capitalsvcs.com | Oct 25 2024 21:07:00 | First Savings Bank, Attn: Bankruptcy, P.O. Box 5019, Sioux Falls SD 57117 |
| 63265244 | Email/Text: sbse.cio.bnc.mail@irs.gov | Oct 25 2024 21:07:00 | Internal Revenue Service, Centralized Insolvency, PO Box 7346, Philadelphia PA 19101-7346 |
| 63265253 | Email/Text: ml-ebn@missionlane.com | Oct 25 2024 21:06:00 | Mission Lane LLC, Attn: Bankruptcy, P.O. Box 105286, Atlanta GA 30348 |
| 63265254 | + Email/Text: mdor.bkysec@state.mn.us | Oct 25 2024 21:06:00 | MN Dept of Revenue, Attn: Denise Jones, PO Box 64447, Saint Paul MN 55164-0447 |
| 63265250 | + Email/Text: cc-bklitigation@messerlikramer.com | Oct 25 2024 21:07:00 | Messerli & Kramer, 3033 Campus Drive, Suite 250, Plymouth MN 55441-2685 |
| 63265251 | + Email/Text: bankruptcydpt@mcmcg.com | Oct 25 2024 21:07:00 | Midland Credit Mgmt, Attn: Bankruptcy, Po Box 939069, San Diego CA 92193-9069 |
| 63265260 | + Email/Text: jenniferk@pcaofmn.com | Oct 25 2024 21:07:00 | Professional Credit Analysts of MN, 24 N Front St, Po Box 99, New Ulm MN 56073-0099 |
| 63265270 | + Email/Text: Bankruptcy@TekCollect.com | Oct 25 2024 21:07:00 | TEK Collect, PO Box 1269, Columbus OH 43216-1269 |
| 63265271 | + Email/Text: geoff.lemke@ufcmn.com | Oct 25 2024 21:07:00 | United Farmers Cooperative, PO Box 461, Winthrop MN 55396-0461 |

TOTAL: 16

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 63265274 |  | Wilbur-Ellis LLC, PO Box 675023 |

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the**

**complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 27, 2024         Signature:    /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 24, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| US Trustee | ustpregion12.mn.ecf@usdoj.gov |
| Wesley W. Scott | on behalf of Debtor 2 Steve Robert Brotherton samantha@lifebacklaw.com  ScottWR72722@notify.bestcase.com |
| Wesley W. Scott | on behalf of Debtor 1 Jessie Louise Brotherton samantha@lifebacklaw.com  ScottWR72722@notify.bestcase.com |

TOTAL: 3