UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

Bankruptcy No.     Chapter 13
Adversary No.     24-42904

In Re:

Steve and Jessie Brotherton,

    Debtor,

Steve and Jessie Brotherton,

    Plaintiffs,

vs.

United Farmers Cooperative,

    Defendant,

**ADVERSARY COMPLAINT**

As and for their Adversary Complaint, Plaintiffs Steve and Jessie Brotherton ("Plaintiffs") states and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiffs bring this adversary complaint in the above-captioned case, which was filed on October 24, 2024, under Chapter 13 of Title 11, United States Code.

2. Pursuant to Federal Rules of Bankruptcy Procedure, Part VII – Adversary Proceedings, Rule 7008, Plaintiffs consent to entry of final orders or judgment by this Bankruptcy Court.

3. The Court, therefore, has jurisdiction over this proceeding, which arises in a case under the Bankruptcy Code and concerns debts and property of Plaintiffs and/or the

bankruptcy estate, pursuant to 28 U.S.C. § 1334. This is a core proceeding under 11 U.S.C. § 157(b)(2)(F) and venue is proper under 28 U.S.C. § 1409(a).

## INTRODUCTION

4. This Complaint seeks to remedy violations of the Stay provisions of the Bankruptcy Code by Defendants above-named, who affirmatively continued collection activity after multiple notifications of the filing of a Chapter 13 Voluntary Petition in this case, in violation of the Stay provisions of the Bankruptcy Code, 11 U.S.C. §362(a)(6).

## FACTS

5. Plaintiffs are a natural person and a debtor in this proceeding whose debts are "consumer debts" as defined in 11 USC § 101(8).

6. Defendant United Farmers Cooperative (hereinafter "Defendant") has a registered address at 705 E 4th Str Winthrop, MN 55396 USA, and at all times relevant herein conducted business in this district. It is a pre-petition creditor, as the debt it is collecting originated prior to the filing of the aforesaid bankruptcy case.

7. Sometime prior to October of 2024 Plaintiffs incurred a financial obligation with Defendant.

8. Plaintiffs filed a petition under Chapter 13 of the Bankruptcy Code on October 24, 2024.

9. On October 25, 2024, Defendant received notice of Plaintiffs' Chapter 13 Bankruptcy via email from the Bankruptcy Noticing Center. The email was sent to Geoff Lemke, credit manager for Defendant.

10. On November 30, 2024, Defendant sent a statement attempting to collect on pre-petition debt in the amount of $3462.14.

11. On December 20, 2024, Plaintiff's bankruptcy attorney, Wesley Scott, sent a listed creditor letter to Defendant explaining Plaintiff's protection under the Bankruptcy Code.

12. On December 31, 2024, Defendant sent a statement again attempting to collect on pre-petition debt in the amount of $3,462.14. This was followed by an email breaking down the costs in nine separate invoices.

13. Despite Plaintiff's bankruptcy filing, Defendant continued its collection efforts through repeated emails containing the same demand.

14. On January 3, 2025, Defendant sent an email attempting to collect on pre-petition debt.

15. On January 7, 2025, Defendant sent an email with identical content, again attempting to collect.

16. On January 14, 2025, Defendant sent another email, once again demanding payment.

17. On January 28, 2025, Defendant sent an email with the same demand.

18. On February 4, 2025, Defendant sent yet another email seeking collection.

19. On February 11, 2025, Defendant, undeterred, sent another email with the same content.

20. On February 18, 2025, Defendant, undeterred, sent another email with the same content.

21. On March 4, 2025, Defendant, sent an email with nine past due invoices, attempting to collect on pre-petition debt.

22. On March 4, 2025, Defendant sent an email to Plaintiff containing a statement dated February 28, 2025, attempting to collect on pre-petition debt.

23. On March 11, 2025, Defendant, undeterred, sent another email with the same content.

24. On March 18, 2025, Defendant, undeterred, sent another email with nine past due invoices, attempting to collect on pre-petition debt.

25. On April 1, 2025, Defendant, undeterred, sent another email with the same content.

26. As of the date of this complaint, Defendant United's collection campaign has included fourteen (14) contacts after notice of Plaintiffs' bankruptcy.

27. Defendant's actions following October 24, 2024, the date that the Court contacted Defendant providing notice of Plaintiffs' Bankruptcy, were willful and in full knowledge of Plaintiffs' bankruptcy filing and the Bankruptcy Court's Automatic Stay.

28. In its actions set forth above, Defendant has violated the stay provisions of the Bankruptcy Code, including but not limited to 11 U.S.C. § 362(a)(6).

29. Plaintiffs have suffered actual damages in the form of emotional distress because of Defendant's unlawful collection communications. Plaintiffs believed that they were protected by the Bankruptcy Code. Because of Defendant's unlawful and continued collection campaign, Plaintiffs have suffered sleeplessness, nervousness, restlessness, irritability, feelings of hopelessness, and embarrassment.

## COUNT I.

### VIOLATIONS OF THE BANKRUPTCY STAY PROVISION – 11 U.S.C. § 362(a)(6)

30. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Defendant violated 11 U.S.C. § 362(a)(6) by committing acts to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

32. As a result of Defendant's violations of 11 U.S.C. § 362(a)(6), Plaintiffs have suffered actual damages not limited to sleeplessness, nervousness, restlessness, irritability, feelings of hopelessness, and embarrassment in an amount to be determined at trial.

33. Defendant's conduct, actions, and inactions were willful, rendering it liable for damages, including costs and attorneys' fees, and punitive damages pursuant to 11 U.S.C. § 362(k)(1).

### PRAYER FOR RELIEF

**WHEREFORE, Plaintiffs pray that the Court:**

a. Hold Defendants in contempt of court for knowingly, willfully, and deliberately violating 11 U.S.C. § 362(a)(6);

b. Order Defendants to cease all other collection efforts against Plaintiffs;

c. Award to Plaintiffs compensatory damages, sanctions, punitive damages, and attorney's fees for contempt of court and pursuant to 11 U.S.C. §§ 105(a) and 362(k); and

d. Order all other relief that is just and proper.

Respectfully submitted,

Dated: April 1, 2025  /e/ Mark L. Vavreck

Mark L. Vavreck, Esq.
Attorney I.D. #: 0318619
Attorney for Debtor/Plaintiff
VAVRECK LAW, LLC
7900 International Drive, Suite 300
Bloomington, MN 55425
Telephone: (612) 373-7000
Facsimile: (612) 659-9220
Email: mark@vavrecklaw.com

Wesley W. Scott, Esq .
Attorney I.D. #: 0264787
Attorney for Debtor/Plaintiff
LIFEBACK LAW FIRM, P.A.
13 7th Avenue South
Saint Cloud, MN 56301
Telephone: (320) 258-7284
Email: wes@lifebacklaw.com

## VERIFICATION OF COMPLAINT AND DECLARATION BY PLAINTIFFS

I, Steve Brotherton, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to the Defendants named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: 4/3/2025

_Steve R. Brotherton_
Steve Brotherton

# VERIFICATION OF COMPLAINT AND DECLARATION BY PLAINTIFFS

I, Jessie Brotherton, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to the Defendants named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: 4/3/2025

_/s/ Jessie L. Brotherton_
Jessie Brotherton